IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SECO USA, INC.<br>30 W Gude Drive, Suite 550<br>Rockville, MD 20850<br><br>    Plaintiff,<br><br>v.<br><br>ONCLAVE NETWORKS, INC.<br>7950 Jones Branch Drive<br>Suite 805<br>North McLean, VA 22102<br><br>and<br><br>OPTION3 VENTURES, LLC<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br><br>    Defendants. | Case No.: _____ |

## COMPLAINT

Plaintiff SECO USA, Inc. ("SECO"), by and through its undersigned counsel, states the following in support of its Complaint against Defendants Onclave Networks, Inc. ("Onclave") and Option3 Ventures, LLC ("Option3").

## INTRODUCTION

This complaint arises out of a contractual agreement between SECO and Onclave and a subsequent agreement between SECO, Onclave and Option3. SECO provides design, production and services to original equipment manufacturers of electronic devices and it provides electronic circuitry and subassemblies offered by its affiliates. Onclave is a global cybersecurity company

1

that secures electronic devices and systems, including those used by the Department of Defense. Option3 is a private equity firm investing in cybersecurity companies. SECO contracted with Onclave to provide hardware products called Edge Micro Device which SECO provided to Onclave under the terms of their Purchase Orders. SECO has met its contractual obligations and yet, to date, Onclave has refused to pay SECO over $115,000 for the devices and design work. Onclave has made numerous promises to SECO that it would pay the money owed, and on August 28, 2023, it signed an agreement with Option3 guaranteeing payment of $120,000 by Defendants to Plaintiff by September 30, 2023. To date, no payment has been made.

## PARTIES

1. SECO is a C stock corporation created, operating, and existing under the laws of Delaware with its principal office located at 30 W. Gude Drive, Suite 550, Rockville, Maryland 20850.

2. Onclave is a stock corporation created, operating, and existing under the laws of Delaware with its principal office located at 7950 Jones Branch Drive, Suite 805, North McLean, Virginia 22102.

3. Option 3 is a private equity firm created, operating and existing under the laws of Delaware with its principal office located at 745 Fifth Avenue, Suite 500 New York, New York 10151 and a second office located at 1818 Library Street Suite 500 Reston, Virginia 20190.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 based upon complete diversity of citizenship, as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

5. SECO is a citizen of Maryland and has its principal place of business located in the State of Maryland.

6. Onclave is a citizen of the Commonwealth of Virginia and has its principal place of business located in the Commonwealth of Virginia.

7. Option3 is a citizen of New York and has its principal place of business located in New York but also has a second office and transacts business in Virginia.

8. Venue in this District and Division is proper, pursuant to 28 U.S.C. § 1391, because Onclave and Option3 are subject to personal jurisdiction in this State and the conduct giving rise to the dispute occurred in Virginia.

## FACTS

9. SECO and Onclave entered into an agreement on September 11, 2020 entitled SECO USA Professional Engineering Services Proposal and Statement of Work, Project: Edge Micro Device ("Agreement"). A copy of the Agreement is attached as Exhibit A.

10. Under the terms of the signed Agreement, SECO was contracted to design and manufacture a product entitled the "Edge Micro Device" in accordance with Onclave's customized specifications.

11. Onclave contracted SECO to design and manufacture the Edge Micro Device to the requirements defined by Onclave. The Edge Micro Device is a component that Onclave offers its customers as part of its cybersecurity solution.

12. Pursuant to the Agreement, Onclave would submit Purchase Orders to SECO so that SECO could procure the materials, manufacture the device and provide it to Onclave.

13. On September 11, 2020, Onclave issued its first Purchase Order to SECO for the Edge Micro Device, and over the course of the next two years, continued to issue Purchase Orders.

14. Pursuant to Section 9.3 of the Agreement, if SECO met certain milestones, Onclave would pay the invoice within 30 days. Furthermore, all hardware deliverables, including prototype, LRIP, and production Edge Micro Devices would be invoiced upon shipment.

15. SECO, in turn, diligently met each of the milestones and provided Onclave with the products requested. In sum, SECO provided 1,000 Edge Micro Devices to Onclave, each with the customized specifications required by Onclave.

16. SECO began sending Onclave invoices for the products requested in November 2021.

17. Despite the fact that SECO upheld its end of the Agreement, met its milestones and provided the products to Onclave in a timely manner, Onclave only made one payment of $5,000 in November 2022. To date, Onclave owes SECO $115,266.60 in past due invoices, exclusive of interest.

18. Despite multiple requests for payment, Onclave has failed to meet its contractual obligations set forth under the Agreement and submit payment to SECO, thereby harming SECO as it has failed to pay for the products received.

19. Upon information and belief, Onclave entered into a business agreement with Option3.

20. On August 28, 2023, Onclave and Option3 signed a Payment Guarantee Agreement guaranteeing payment of $120,000 to SECO by September 30, 2023. A copy of the Payment Guarantee Agreement is attached as Exhibit B.

21. To date, no payment has been made and efforts to reach Defendants have yielded no answer.

22. Onclave has had beneficial use of the products for its ongoing development of its software solutions and in its sales efforts – and has reaped these benefits without payment to SECO.

### COUNT I – BREACH OF CONTRACT AGAINST ONCLAVE

23. SECO incorporates by reference the allegations in the previous paragraphs.

24. The Agreement is a binding contract supported by consideration.

25. SECO has performed under the Agreement.

26. Per Section 9.3 of the Agreement, Onclave agreed to reimburse SECO for the products requested by Onclave per the Agreement and the subsequent Purchase Orders.

27. SECO provided the products to Onclave pursuant to the Agreement and the Purchase Orders.

28. Onclave has refused to reimburse SECO for the products provided and services performed, in material breach of the Agreement.

29. As a direct and proximate result of Onclave's material breaches, SECO has suffered and will continue to suffer harm and monetary damages.

### COUNT II – BREACH OF CONTRACT AGAINST ONCLAVE AND OPTION3

30. SECO incorporates by reference the allegations in the previous paragraphs.

31. The Payment Guarantee Agreement is a binding contract supported by consideration.

32. Option3 and Onclave, signatories to the Agreement, contracted to provide payment of $120,000 to SECO by September 30, 2023.

33. As of the date of the filing of this complaint, no payment has been made.

34. As a direct and proximate result of Onclave and Option3's material breaches, SECO has suffered and will continue to suffer harm and monetary damages.

### COUNT III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ONCLAVE

35. SECO incorporates by reference the allegations in the previous paragraphs.

36. The Agreement is a binding contract supported by consideration.

37. SECO has performed under the Agreement, and justifiably expected that Onclave would comply with its terms, including Section 9.3.

38. Onclave's bad faith conduct in refusing to pay amounts owed under the Agreement has deprived SECO of the benefits of the Agreement, in violation of the implied covenant of good faith and fair dealing.

39. As a direct and proximate result of Onclave's material breaches, SECO has suffered and will continue to suffer harm and monetary damages.

### COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST OPTION3 AND ONCLAVE

40. SECO incorporates by reference the allegations in the previous paragraphs.

41. The Payment Guarantee Agreement is a binding contract supported by consideration.

42. SECO justifiably expected that the Onclave and Option3 would comply with its terms, which included payment of $120,000 to SECO by September 30, 2023.

43. Onclave and Option3's bad faith conduct in refusing to pay amounts owed under the Payment Guarantee Agreement has deprived SECO of the benefits of the Agreement, in violation of the implied covenant of good faith and fair dealing.

44. As a direct and proximate result of Onclave and Option3's material breaches, SECO has suffered and will continue to suffer harm and monetary damages.

## COUNT V – UNJUST ENRICHMENT

45. SECO incorporates by reference the allegations in the previous paragraphs.

46. SECO conferred a benefit upon Onclave by providing it with the products requested for use in sale efforts to the Department of Defense and other commercial customers, with the expectation that Onclave would pay for the product.

47. Onclave knew that SECO conferred this benefit upon Onclave, and accepted and used the product, knowing that SECO expected payment.

48. Onclave has received and retained the benefit of all services rendered by SECO.

49. Onclave's failure to reimburse SECO for the products provided has resulted in an inequity to SECO, and the unjust enrichment of Onclave.

## PRAYER FOR RELIEF

WHEREFORE, SECO respectfully requests that this Court:

A. Enter Judgment in favor of SECO on all claims set forth above.

B. Award SECO damages including, but not limited to, pre- and post-judgment interest.

C. Award SECO its reasonable attorneys' fees and costs.

D. Award SECO such further damages and equitable relief as are just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SECO requests trial by jury in this action of all issues so triable.

Date: January 29, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Susan M. Sajadi*
　　　　　　　　　　　　　　　　　　　Susan M. Sajadi (VSB No. 85332)
　　　　　　　　　　　　　　　　　　　1717 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　Suite 1025
　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　Telephone: (917) 238-0990
　　　　　　　　　　　　　　　　　　　ssajadi@potomaclaw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff SECO USA, Inc.*